UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NIJIA SMALL,

     Applicant,

v.                              CASE NO. 8:13-cv-1710-T-23AEP

SECRETARY, Department of Corrections,

     Respondent.

_____/

## O R D E R

     Small applies under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1) and challenges her conviction for robbery, for which conviction Small is imprisoned for fifteen years.  Numerous exhibits ("Respondent's Exhibit __") support the response.  (Doc. 10)  The respondent admits that the application is timely.  (Response at 3, Doc. 10)

## FACTS[1]

     A "loss prevention officer" at a clothing store saw Small enter a dressing room with ten items, but upon exiting the dressing room Small possessed only four items, which she returned.  The officer noticed that Small entered the dressing room carrying a "large, flat purse," which was "noticeably larger" when Small exited the

---

[1] This summary of the facts derives from Small's brief on direct appeal. (Respondent's Exhibit 2)

dressing room.  Upon further inspection the officer discovered five empty hangers hidden inside one of the returned items.  The officer attempted to stop Small in the parking lot but Small refused to return to the store and threatened the officer by saying, "You do not want to get run over."  After the officer warned Small that she could go to jail for a long time, Small "shrugged her shoulders" and "accelerated her vehicle."  Although the officer "jerked back" to avoid injury, the car door "grazed" her arm and caused an abrasion.  A second security officer observed the incident in the parking lot.  The officers reported the license plate number to the police.  A few weeks later both officers selected Small's photograph as the assailant.

Small's defense was that she committed a theft but not a robbery because the contact with the officer's arm was inadvertent and the slight injury did not occur "in the course of the taking."  At trial Small admitted to having eight felony convictions, including three that involve dishonesty or a false statement.  The jury found Small guilty of the charged offense of robbery instead of the lesser-included offense of petit theft.

<u>**STANDARD OF REVIEW**</u>

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding.  *Wilcox v. Florida Dep't of Corr.*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000).  Section 2254(d), which creates a highly deferential standard for federal court review of a state court adjudication, states in pertinent part:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000), the Supreme Court interpreted this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court.  Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied — the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States" or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different

from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 693  (2002).  "As a condition for

obtaining habeas corpus from a federal court, a state prisoner must show that the

state court's ruling on the claim being presented in federal court was so lacking in

justification that there was an error well understood and comprehended in existing

law beyond any possibility for fairminded disagreement."  *Harrington v. Richter*,

131 S. Ct. 770, 786–87 (2011).  *Accord Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir.

2001) ("It is the objective reasonableness, not the correctness *per se*, of the state court

decision that we are to decide.").  The phrase "clearly established Federal law"

encompasses only the holdings of the United States Supreme Court "as of the time of

the relevant state-court decision."  *Williams v. Taylor*, 529 U.S. at 412.

The purpose of federal review is not to re-try the state case.  "The [AEDPA]

modified a federal habeas court's role in reviewing state prisoner applications in

order to prevent federal habeas 'retrials' and to ensure that state-court convictions are

given effect to the extent possible under law."  *Bell v. Cone*, 535 U.S. at 694.  A federal

court must afford due deference to a state court's decision.  "AEDPA prevents

defendants — and federal courts — from using federal habeas corpus review as a

vehicle to second-guess the reasonable decisions of state courts."  *Renico v. Lett*,

559 U.S. 766, 779 (2010).  *See also Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011)

("This is a 'difficult to meet,' . . . and 'highly deferential standard for evaluating

state-court rulings, which demands that state-court decisions be given the benefit of

the doubt' . . . .") (citations omitted).

In a *per curiam* decision without a written opinion the state appellate court on direct appeal affirmed Small's convictions and sentence.  (Respondent's Exhibit 2) Similarly, in another *per curiam* decision without a written opinion the state appellate court affirmed the denial of Small's subsequent Rule 3.850 motion to vacate. (Respondent's Exhibit 3)  The state appellate court's *per curiam* affirmances warrant deference under Section 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due."  *Wright v. Moore*, 278 F.3d 1245, 1254 (11th Cir.), *reh'g and reh'g en banc denied*, 278 F.3d 1245 (2002), *cert. denied sub nom Wright v. Crosby*, 538 U.S. 906 (2003).  *See also Richter*, 131 S. Ct. at 784–85 ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."), and *Bishop v. Warden*, 726 F. 3d 1243, 1255–56 (11th Cir. 2013) (describing the difference between an "opinion" or "analysis" and a "decision" or "ruling" and explaining that deference is accorded the state court's "decision" or "ruling" even if there is no "opinion" or "analysis").

Review of the state court decision is limited to the record that was before the state court:

> We now hold that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits.  Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of,

> established law. This backward-looking language requires an
> examination of the state-court decision at the time it was made.
> It follows that the record under review is limited to the record in
> existence at that same time, i.e., the record before the state
> court.

*Pinholster*, 131 S. Ct. at 1398.  Small bears the burden of overcoming by clear and

convincing evidence a state court factual determination.  "[A] determination of a

factual issue made by a State court shall be presumed to be correct.  The applicant

shall have the burden of rebutting the presumption of correctness by clear and

convincing evidence."  28 U.S.C. § 2254(e)(1).  This presumption of correctness

applies to a finding of fact but not to a mixed determination of law and fact.  *Parker v.*

*Head*, 244 F.3d 831, 836 (11th Cir.), *cert. denied*, 534 U.S. 1046 (2001).  The state

court's rejection of Small's post-conviction claims warrants deference in this case.

(Order Denying Motion for Post-Conviction Relief, Respondent's Exhibit 3)

## INEFFECTIVE ASSISTANCE OF COUNSEL

Small claims ineffective assistance of counsel, a difficult claim to sustain.

"[T]he cases in which habeas petitioners can properly prevail on the ground of

ineffective assistance of counsel are few and far between."  *Waters v. Thomas*, 46 F.3d

1506, 1511 (11th Cir. 1995) (*en banc*) (*quoting Rogers v. Zant*, 13 F.3d 384, 386

(11th Cir. 1994)).  *Strickland v. Washington*, 466 U.S. 668 (1984), governs an

ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is
> well settled and well documented. In *Strickland v. Washington*,
> 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the
> Supreme Court set forth a two-part test for analyzing ineffective

- 6 -

> assistance of counsel claims. According to *Strickland*, first, the
> defendant must show that counsel's performance was deficient.
> This requires showing that counsel made errors so serious that
> counsel was not functioning as the "counsel" guaranteed the
> defendant by the Sixth Amendment. Second, the defendant
> must show that the deficient performance prejudiced the
> defense. This requires showing that counsel's errors were so
> serious as to deprive the defendant of a fair trial, a trial whose
> result is reliable. *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052.

*Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998).

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." 466 U.S. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." 466 U.S. at 690.

Small must demonstrate that counsel's alleged error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant

setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."  466 U.S. at 691–92.  To meet this burden, Small must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  466 U.S. at 694.

*Strickland* cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation."  466 U.S. at 690–91.  Small cannot meet her burden merely by showing that the avenue chosen by counsel proved unsuccessful.

> The test has nothing to do with what the best lawyers would have done.  Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial . . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220–21 (11th Cir. 1992).  *Accord Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious:  the trial lawyers, in every case, could have done something more or something different.  So, omissions are inevitable . . . .  [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'") (*en banc*) (*quoting Burger v. Kemp*, 483 U.S. 776, 794 (1987)).  Recently *Hittson v. GDCP Warden*,

- 8 -

759 F.3d 1210, 1267 (11th Cir. 2014), *cert. denied sub nom., Hittson v. Chatman*,

135 S. Ct. 2126 (2015), addressed how extensive of an investigation counsel must

perform:

> [W]e have explained that "no absolute duty exists to investigate particular facts or a certain line of defense." *Chandler*, 218 F.3d at 1317. "[C]ounsel has a duty to make *reasonable* investigations or make a *reasonable* decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691, 104 S. Ct. at 2066 (emphasis added). "[C]ounsel need not always investigate before pursuing or not pursuing a line of defense. Investigation (even a nonexhaustive, preliminary investigation) is not required for counsel reasonably to decline to investigate a line of defense thoroughly." *Chandler*, 218 F.3d at 1318. "In assessing the reasonableness of an attorney's investigation . . . a court must consider not only the quantum of evidence already known to counsel, but also whether the known evidence would lead a reasonable attorney to investigate further." *Wiggins*, 539 U.S. at 527, 123 S. Ct. at 2538.

*See also Jones v. Barnes*, 463 U.S. 745, 751 (1983) (counsel has no duty to raise a

frivolous claim).

Small must prove that the state court's decision was "(1) . . . contrary to, or

involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States or (2) . . . based on an

unreasonable determination of the facts in light of the evidence presented in the State

court proceeding." 28 U.S.C. § 2254(d). Sustaining a claim of ineffective assistance

of counsel is very difficult because "[t]he standards created by *Strickland* and

§ 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is

'doubly' so." *Richter*, 131 S. Ct. at 788. *See also Pinholster*, 131 S. Ct. at 1410 (An

applicant must overcome this "'doubly deferential' standard of *Strickland* and the AEDPA."), *Johnson v. Sec'y, Dep't of Corr.*, 643 F.3d 907, 911 (11th Cir. 2011) ("Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding."), and *Pooler v. Sec'y, Dep't of Corr.*, 702 F.3d 1252, 1270 (11th Cir. 2012) ("Because we must view Pooler's ineffective counsel claim — which is governed by the deferential *Strickland* test — through the lens of AEDPA deference, the resulting standard of review is "doubly deferential."), *cert. denied*, 134 S. Ct. 191 (2013).

In summarily denying Small's motion for post-conviction relief, the state court specifically recognized that *Strickland* governs a claim of ineffective assistance of counsel. (Respondent's Exhibit 3) Because the state court rejected the claims based on *Strickland*, Small cannot meet the "contrary to" test in Section 2254(d)(1). Small instead must show that the state court unreasonably applied *Strickland* or unreasonably determined the facts. In determining "reasonableness," a federal application for the writ of habeas corpus authorizes determining only "whether the state habeas court was objectively reasonable in its *Strickland* inquiry," not an independent assessment of whether counsel's actions were reasonable. *Putnam v. Head*, 268 F.3d 1223, 1244, n.17 (11th Cir. 2001), *cert. denied*, 537 U.S. 870 (2002). The presumption of correctness and the highly deferential standard of review requires that the analysis of Small's claim begin with the state court's analysis.

- 10 -

## **GROUND FOR RELIEF**

Small alleges that trial counsel rendered ineffective assistance (1) by

misadvising her to reject a plea offer because counsel failed to inform her about the

possibility of an enhanced sentence as a prison releasee re-offender and (2) by

advising her that the state could not prove each element for a robbery.  The post-

conviction court summarily rejected this claim as follows (Exhibit 3):

> Defendant contends that her attorney did not advise her that
> she would be eligible for an enhanced PRR sentence if she were
> convicted at trial. She states that the State offered a five-year
> prison sentence in exchange for defendant's guilty plea to petit
> theft. Defendant claims that counsel advised her that a trial
> would be "a better option" than taking a deal from the state
> because counsel did not believe the state would be able to prove
> all of the elements of robbery at trial. Defendant contends that,
> had she known she would have been subjected to the PRR
> enhancement, she would not have chosen to go to trial. This
> Court finds that Defendant has alleged a facially sufficient claim
> for ineffective assistance of counsel.
>
> However, Defendant's allegations are refuted by the record. On
> October 27, 2010, the State filed a "Notice of Defendant's
> Qualifications as a Prison Releasee Reoffender" ("PRR
> Notice"). The PRR Notice indicates that Defendant's attorney
> was served by hand and that Defendant was served my mail on
> that date. Additionally, the State referenced the PRR Notice at
> Defendant's sentencing, indicating "the State has timely filed a
> notice of PRR in this case, placing the defendant on notice that
> we would be seeking a PRR sentence at the conclusion of the
> trial." It is apparent from the record that Defendant had
> independent notice of the State's intention to seek a PRR
> sentence enhancement. Therefore, Defendant fails to
> demonstrate a reasonable probability that the outcome of her
> proceedings would have been different had counsel informed
> her of the possibility of being sentenced as a PRR.
>
> . . . .

> Defendant adamantly disputes that she used force or placed anyone in fear during the commission of the offense, as is alleged in the information and which the State had to prove to support a robbery conviction. However, whether the State has proven each element of the offense is to be determined by the jury based upon the evidence presented to them at trial. While counsel may have expressed his belief that the State would be unable to convince the jury of Defendant's guilt at trial, counsel was not ineffective for not filing a motion to dismiss solely on that belief. Moreover, the jury found Defendant guilty of the offense as charged, rejecting the opportunity to find Defendant guilty of the lesser-included offenses of resisting a merchant or petit theft, which did not include elements of force, violence, or assault.

The state court's factual finding that Small received notice of the state's intent to pursue the enhanced sentence is entitled to deference absent clear and convincing evidence to the contrary, as Section 2254(e)(1) requires, and the state court's determination that counsel was not ineffective in offering his opinion about the likelihood of success is entitled to the "double deference" explained in *Richter*. As a consequence, Small fails to prove that the state court's application of *Strickland* was unreasonable.

## CONCLUSION

To conclude, Small fails to meet her burden to show that the state court's decision was either an unreasonable application of controlling Supreme Court precedent or an unreasonable determination of fact. As *Burt v. Titlow*, 134 S. Ct. 10, 15–16 (2013), recognizes, this burden is very difficult to meet:

> Recognizing the duty and ability of our state-court colleagues to adjudicate claims of constitutional wrong, AEDPA erects a formidable barrier to federal habeas relief for prisoners whose

claims have been adjudicated in state court. AEDPA requires "a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. ___, ___, 131 S. Ct. 770, 786–787, 178 L. Ed. 2d 624 (2011). "If this standard is difficult to meet" — and it is — "that is because it was meant to be." *Id.*, at ___, 131 S. Ct., at 786. We will not lightly conclude that a State's criminal justice system has experienced the extreme malfunctio[n]" for which federal habeas relief is the remedy. *Id.*, at___, 131 S. Ct., at 786 (internal quotation marks omitted).

Accordingly, Small's application for the writ of habeas corpus (Doc. 1) is

**DENIED**.  The clerk must enter a judgment against Small and close this case.

**DENIAL OF BOTH
A CERTIFICATE OF APPEALABILITY
AND LEAVE TO APPEAL *IN FORMA PAUPERIS***

Small is not entitled to a certificate of appealability ("COA").  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of her application.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a COA.  Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  To merit a COA, Small must show that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues he seeks to raise.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001).  Because she fails to show that reasonable jurists would

debate either the merits of the claims or the procedural issues, Small is entitled to neither a COA nor leave to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**.  Leave to appeal *in forma pauperis* is **DENIED**.  Small must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on February 4, 2016.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE